UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICK ANOZIL BAUSSAN,

     Petitioner,

v.                                         CASE NO. 6:06-cv-1430-Orl-19JGG
                                              (6:03-cr-184-Orl-19JGG)

UNITED STATES OF AMERICA,

     Respondent.

_____

**<u>ORDER</u>**

     This case involves a second amended motion to vacate, set aside, or correct an illegal

sentence pursuant to 28 U.S.C. § 2255 (Doc. 18) filed by Nick Anozil Baussan.[1]  The

Government filed a response (Doc. No. 26) to the section 2255 motion in compliance with

this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States*

*District Courts*.  Petitioner filed a reply (Doc. No. 28) to the Government's response.

     Petitioner alleges four claims for relief in his motion: (1) the district court lacked

jurisdiction to impose judgment against him because the Government lacked standing

pursuant to Article III of the United States Constitution; (2) the Government violated Rule

_____

[1]The Court notes that Petitioner has an appeal pending with the Eleventh Circuit
concerning a non-dispositive order entered by the Court.  This Court deemed Petitioner's
application for a certificate of appealability to be a request for an interlocutory appeal and
denied Petitioner's request.  *See* Doc. Nos. 25 & 30.  An application for an interlocutory
appeal "shall not stay proceedings in the district court unless the district judge or the Court
of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).  Accordingly, the Court
finds that it retains jurisdiction to dispose of this case.

5 of the Federal Rules of Criminal Procedure because Petitioner was not arrested pursuant to a warrant; (3) trial and appellate counsel rendered ineffective assistance; and (4) the district court lacked subject matter jurisdiction to consider the case because it is not empowered to do so pursuant to Article III of the United States Constitution.  For the reasons stated herein, Petitioner's motion is denied.

## I.      *Procedural History*

Petitioner and his co-defendant were charged by indictment with one count of armed bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), and 2113(d) (count one) and one count of carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 2, 3, and 924(c)(1)(A)(ii) (count two) (Criminal Case No. 6:03-cr-184-Orl-19JGG, Doc. No. 1, filed August 27, 2003).[2]  On October 21, 2003, pursuant to a written plea agreement, Petitioner entered a plea of guilty  to counts one and two at a change of plea hearing conducted by Magistrate Judge James G. Glazebrook.  Magistrate Judge Glazebrook entered a report and recommendation that the plea be accepted and that sentence be imposed.  *Id.* at Doc. No. 26.  This Court adopted the report and recommendation and adjudged Petitioner guilty as charged.  *Id.* at Doc. No. 35.  On January 26, 2004, the Court conducted a sentencing hearing and imposed a fifty-one month term of imprisonment for count one and an eighty-four month term of imprisonment for count two, to be served consecutively, followed by three years of supervised release.  *Id.* at Doc. No. 46.

---

[2]Criminal Case No.6:03-cr-184-Orl-19JGG will be referred to as "Criminal Case."

Petitioner appealed his sentence.  On December 3, 2004, the Eleventh Circuit Court of Appeals dismissed the appeal based on the valid appeal waiver contained in Petitioner's plea agreement.  *Id.* at 66.  Petitioner filed a petition for *writ of certiorari* with the United States Supreme Court, which granted the petition and remanded to the Eleventh Circuit for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005).  *See Baussan v. United States*, 545 U.S. 1137 (2005).  On remand, the Eleventh Circuit dismissed Petitioner's appeal, holding that *Booker* did not alter the effect of Petitioner's appeal waiver.  (Criminal Case Doc. No. 67.)  Petitioner filed a petition for *writ of certiorari*, which was denied on November 28, 2005.  *See Baussan v. United States*, 126 S. Ct. 785 (2005).

## II.    *Analysis*

### A.    *Claim One*

Petitioner asserts that this Court lacked jurisdiction to impose judgment against him because the Government lacked standing to prosecute Petitioner pursuant to Article III of the United States Constitution.  The Government asserts that this claim is defaulted because it was not raised on direct appeal and is otherwise without merit.[3]

The Court finds that claim one is clearly without merit.  Petitioner was charged with criminal violations of federal law pursuant to 18 U.S.C. §§ 2, 3, 924 and 2113.  United States

---

[3]Although Petitioner failed to raise this claim on direct appeal, the claim is not procedurally defaulted because it alleges a jurisdictional defect. *See Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998) (holding that jurisdictional defects cannot be procedurally defaulted).

attorneys are vested with authority "to prosecute for all offenses against the United States[,]" 28 U.S.C.A. § 547, and district courts of the United States have original jurisdiction "of all offenses against the laws of the United States."  18 U.S.C. § 3231. Moreover, "the federal courts are always open to entertain suits by the federal government on its own behalf." *Hickey v. Illinois Cent. R. R.*, 278 F.2d 529, 532 (7th Cir 1960).  Thus, the Government had standing to prosecute Petitioner, and this Court had jurisdiction to convict him.  Accordingly, this claim is denied because it is without merit.

**B.      *Claims Two, Three, and Four***

Respondents assert that these claims are (1) untimely, (2) procedurally defaulted, and (3) without merit.  In his reply to the Government's response to the § 2255 motion, Petitioner concedes that the Government's arguments with respect to claims two, three, and four are correct.  (Doc. No. 28 at 2-3.)  As a result, Petitioner withdraws claims two, three, and four.  *See id.* at 3.  Accordingly, claims two, three, and four are denied as moot.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by  Nick Anozil Baussan (Doc. No. 18, filed December 21, 2006) is **DENIED**.

2.      This case is **DISMISSED** with prejudice.

3.     The Clerk of the Court shall enter judgment accordingly and is directed to close this case.   A certified copy of this Order and the judgment shall also be filed in Criminal Case 6:03-cr-184-Orl-19JGG.

4.     The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 73) filed in Criminal Case 6:03-cr-184-Orl-19JGG.

**DONE AND ORDERED** at Orlando, Florida, this _2d____ day of April, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 4/2
Counsel of Record
Nick Anozil Baussan